PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANEIRO BURGESS, | ) |
|          Petitioner, | ) CASE NO. 4:18CV2643 |
|     v. | ) JUDGE BENITA Y. PEARSON |
| WARDEN MARK WILLIAMS, | ) |
|          Respondent. | ) **MEMORANDUM OPINION AND ORDER** [Resolving ECF Nos. 1, 2] |

*Pro se* petitioner Janeiro Burgess, confined at FCI Elkton, filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 challenging the sentence imposed upon him in the United States District Court, Eastern District of North Carolina, Case No. 7:12-CR-19-FL-1 ("Criminal Case"). ECF No. 1. For the reasons that follow, this case is dismissed.

**I. Background**

In February 2012, Burgess was indicted on drug related offenses in the Criminal Case. In May 16, 2012, he pleaded guilty to one count of violating 21 U.S.C. § 841(a) and the Government dismissed the remaining counts. Burgess was sentenced on October 25, 2012. *See Burgess v. United States*, No. 7:12-CR-19-FL-1, 2015 WL 11234132, at *1 (E.D.N.C. July 16, 2015).

Burgess moved the sentencing court to vacate his sentence pursuant to 28 U.S.C. § 2255 challenging, among other issues, his sentence enhancement. In that case, the Government's motion to dismiss was granted, Burgess' motion to vacate was denied, and the district court's

(4:18CV2643)

dismissal was affirmed by the Fourth Circuit. *Id*. at *10, *dismissed,* 628 F. App'x 190 (4th Cir. 2016).

Having failed to successfully challenge his sentencing enhancement under § 2255, Burgess filed a § 2241 petition in the Northern District of Ohio (Case No. 4:17-cv-1349), the district that has jurisdiction over his place of confinement. *See* 28 U.S.C. § 2241(a). That petition was also unsuccessful. The district court dismissed Burgess' petition on the ground that the sentencing issues he raised should have been raised in a motion pursuant to 28 U.S.C. § 2255, and he failed to set forth a valid basis upon which to raise his sentencing enhancement issues under § 2241. *Burgess v. Merlak*, No. 4:17 CV 1349, 2017 WL 4699493, at *2 (N.D. Ohio Oct. 19, 2017). Burgess appealed, and the Sixth Circuit affirmed the district court's dismissal of the petition, finding that Burgess' reliance on the Sixth Circuit case in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016) was misplaced because he was sentenced in 2012 after the sentencing guidelines became advisory pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *See Burgess v. Merlak*, No. 17-4147, 2018 WL 5778364, at *1 (6th Cir. June 22, 2018) (citing *Pittman v. Quintana*, No. 16-6857, 2017 WL 6759113, at *2 (6th Cir. Sept. 18, 2017)).

In this case, Burgess brings another § 2241 challenge to his enhanced sentence in the Criminal Case, relying upon the Sixth Circuit's interpretation of 21 U.S.C. § 841(b)(1)(A) in *United States v. Winston*, 37 F.3d 235 (6th Cir. 1994). ECF No. 1-1 at PageID #: 10. This § 2241 petition fails for the same reason as the first.

2

## II. Standard of Review

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[,]" the petition will be denied. Rule 4 of the Rules Governing § 2254 Cases (applicable to § 2241 petitions pursuant to Rule 1(b)). As with all *pro se* filings, the Court evaluates Burgess' petition under a more lenient standard than pleadings prepared by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 challenge the execution of a sentence, while motions brought pursuant to 28 U.S.C. § 2255 in the court where a federal prisoner was convicted and sentenced challenge the validity of the conviction and sentence. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Generally, a habeas corpus petition pursuant to § 2241 may not be used to challenge the validity of a conviction or sentence because "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001) (citing *Charles v Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999)).

But § 2255(e) contains a "savings clause" which provides a narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to challenge the legality of the prisoner's detention. It is petitioner's burden to establish that the savings clause applies to his petition. *Hill*, 836 F.3d at 594 (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). Section 2255 is not inadequate or ineffective merely because a § 2255 motion

3

(4:18CV2643)

has been previously denied or is procedurally barred. *Id.* (citing *Charles*, 180 F.3d at 756 ("[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petition has been denied permission to file a second or successive motion to vacate.") (internal citations omitted)).

### III. Analysis

A petition for a writ of habeas corpus under § 2241 must be filed in the district court that has jurisdiction over a prisoner's place of confinement. 28 U.S.C. § 2241(a). "As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction." *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003).

When considering a § 2241 petition from a prisoner convicted in a different circuit, courts apply the procedural law from the circuit where the petition is filed, and the substantive law of the circuit in which the prisoner was convicted and sentenced. *Burgess*, 2018 WL 5778364, at *1 (applying Sixth Circuit's savings clause test in *Hill* to Burgess' § 2241 challenge to his enhanced sentence imposed in the Eastern District of North Carolina); *see also Bender v. Carter*, No. 5:12CV165, 2013 WL 5636745, at *3 (N.D. W. Va. Oct. 15, 2013) (denying motion for reconsideration of the court's application of the Fourth Circuit's procedural rule as to savings clause test because the petitioner was confined in the Fourth Circuit, before considering the substantive law of the Sixth Circuit (where petitioner was convicted) regarding actual innocence) (citing *Eames v. Jones*, 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011) (holding that the substantive

4

(4:18CV2643)

law of the court of conviction should apply under the overarching procedural law of the court reviewing the petition)), *aff'd,* 564 F. App'x 694 (4th Cir. 2014).

The Court, therefore, applies the Sixth Circuit's test in *Hill* to determine whether Burgess may invoke the savings clause of § 2255 to bring a § 2241 challenge to his sentence enhancement imposed in the Criminal Case. If Burgess satisfies the Sixth Circuit's savings clause test, then the Court applies the substantive law of the Fourth Circuit, the circuit in which he was convicted, to the merits of the § 2241 petition.

In *Hill*, the Sixth Circuit established a savings clause test for cases in which, as here, the target of the § 2241 petition is a sentence enhancement:

> When seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect.

*Hill*, 836 F.3d at 595 (citations omitted).

The Sixth Circuit further elaborated on this new savings clause test:

> [W]e reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600 (citation details omitted).

As the Sixth Circuit has already concluded, Burgess cannot satisfy the first prong of *Hill's* savings clause test because he was sentenced after *Booker* was decided in 2005. *See Burgess,* 2018 WL 5778364, at *1 (citation omitted). Burgess' petition is not cognizable.

5

(4:18CV2643)

## IV. Conclusion

For the foregoing reasons, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Burgess' motion for bond and appointment of counsel (ECF No. 2) is denied because it is moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

    June 27, 2019                            */s/ Benita Y. Pearson*
Date                                                 Benita Y. Pearson
                                                     United States District Judge